**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GREGORY V. BAKA,
                    Appellant,

                v.

DEPARTMENT OF JUSTICE,
                    Agency.

DOCKET NUMBER
SF-0432-15-0435-I-1

DATE: September 30, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gregory V. Baka, Dublin, California, pro se.

Melanie F. Jones, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his chapter 43 removal appeal without prejudice as prematurely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective January 30, 2015, the agency removed the appellant from his GS-15 Attorney Advisor position under chapter 43 procedures. Initial Appeal File (IAF), Tab 9, Subtabs 4a-4b. On February 25, 2015, the appellant amended his January 21, 2015 formal equal employment opportunity (EEO) complaint to include his removal. IAF, Tab 6 at 4, 11-12. He subsequently filed a Board appeal challenging his removal on March 24, 2015. IAF, Tab 1.

¶3 The administrative judge dismissed the appeal without prejudice as prematurely filed because 120 days had not yet passed since the filing of the appellant's EEO complaint, and the agency had not yet issued its final decision on that complaint. IAF, Tab 11, Initial Decision.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He argues that the chapter 43 removal appeal was docketed in error because he only sought to file an appeal of his removal under the Veterans Employment Opportunities Act of 1998 (VEOA).[2] *Id.* Accordingly, he asserts,

---

[2] The administrative judge docketed three separate matters, all relating to the agency's removal action: the instant chapter 43 removal appeal, a VEOA appeal (*Baka v. Department of Justice*, MSPB Docket No. SF-3330-15-0436-I-1), and an appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) (*Baka v. Department of Justice*, MSPB Docket

the initial decision should be "vacated and expunged." *Id.* at 5. The agency filed a response, to which the appellant replied. PFR File, Tabs 3-4.

¶5 As an initial matter, we do not agree with the appellant that the chapter 43 removal appeal was docketed in error. He indicated on his initial appeal form that he was appealing the agency's removal action and referenced an attached document, wherein he extensively challenged the agency's assertions regarding his performance. IAF, Tab 1 at 2, 10-21. He did not make clear that he was not seeking review of the merits of the agency's removal action within the Board's jurisdiction as an "otherwise appealable matter."

¶6 When an appellant has been subject to an action appealable to the Board and files a timely complaint of discrimination with the agency before filing a Board appeal, then he may only file a Board appeal within 30 days after receiving the agency resolution or final decision on the discrimination issue or, if no resolution or final decision has been received, any time after the expiration of 120 calendar days from the filing of the formal complaint. 5 C.F.R. § 1201.154(b). The appellant raised his removal in a formal EEO complaint before filing the instant appeal and neither of the aforementioned conditions was satisfied when the initial appeal was filed, or by the time the initial decision was issued. Under these circumstances, the Board's regulations authorize an administrative judge to dismiss a prematurely filed appeal without prejudice, which is what happened here. *See* 5 C.F.R. § 1201.154(c). We therefore affirm the initial decision.

¶7 However, the appellant's appeal is now ripe for consideration as more than 120 days have passed since the filing of his formal complaint. Where a prematurely filed mixed case appeal ripens on review, the Board may forward the

No. SF-4324-15-0437-I-1). He dismissed without prejudice as premature the instant removal appeal and the VEOA appeal, and he dismissed the USERRA appeal as premature. The appellant also has filed a petition for review of the initial decision in his VEOA appeal, which we are adjudicating separately. He did not file a petition for review of the initial decision in his USERRA appeal.

appeal for adjudication.  *Price v. Department of Veterans Affairs*, 105 M.S.P.R. 126, ¶ 10 (2007).  The appellant, though, has indicated that he does not wish to pursue his chapter 43 removal appeal before the Board and there is no indication that the agency has issued its final decision on his discrimination complaint.  Thus, we will not forward the appeal at this time.  If the appellant wishes to pursue this appeal further before the Board, he must refile his appeal with the Board's Western Regional Office within 30 days of receiving the agency's final decision.  *See* 5 C.F.R. § 1201.154(b)(1).  If he has now received the agency's final decision, he may refile within 30 days of the date of this order.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your

representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                 _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.